UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TODD RANDALL WOOD AND       *     CIVIL ACTION NO.  15-2327
JENNIFER MCDONALD WOOD

VERSUS                   *     MAG. JUDGE KAREN L. HAYES

ALLSTATE INDEMNITY COMPANY    *

**MEMORANDUM RULING**

Before the court is a motion for partial summary judgment, [doc. # 31], filed by

Defendant Allstate Insurance Company. Plaintiffs oppose the motion and have filed a motion to

strike an affidavit attached to Defendant's motion for partial summary judgment. [doc. #35]. For

reasons stated below, Defendant's motion for partial summary judgment is **DENIED** and

Plaintiffs' motion to strike is **DENIED as MOOT**.

**Background**

On July 28, 2015,  Todd Randall Wood and Jennifer McDonald Wood (the "Woods")

filed the instant suit against Allstate Indemnity Company ("Allstate") in the Third Judicial

District Court, Union Parish, Louisiana, alleging that Allstate has failed to pay an insurance

claim under a homeowner's policy Allstate issued to the Woods. [doc. #1-1]. The Woods lost

their home on December 8, 2014, due to a fire and assert that Allstate's policy provided coverage

for all losses incurred. *Id.* ¶¶ 2, 8-10.

The Woods argue that Allstate's actions in failing to timely pay the claim have been

arbitrary, capricious, unreasonable, and without probable cause, entitling the Woods to recover

penalties and attorney's fees under Louisiana law. *Id.* ¶ 17. The Woods further contend that

Allstate has breached its duty of good faith and fair dealing by failing to reach a prompt, fair, and

1

equitable resolution of the claim under the policy. *Id.* ¶ 18.

On September 3, 2015, Allstate removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [doc. #1]. On December 2, 2016, Allstate filed the instant motion for partial summary judgment. [doc. #31]. Allstate argues that it is entitled to partial summary judgment on the issue of penalties and attorney's fees because (1) it has a reasonable basis to further investigate Plaintiffs' claim; and (2) the Woods have failed to cooperate over the course of Allstate's investigation. On December 27, 2016, Plaintiffs filed their response in opposition, [doc. #34], and a motion to strike an affidavit attached to Allstate's motion. [doc. #35], with an opposition thereto [doc.#48].

This matter is now before the Court.

## Law and Analysis

### I.     Summary Judgment Standard

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

 "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving

2

party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[1]

      In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

      Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case,

---

[1] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[2] all

of the essential elements of the claim . . . to warrant judgment in [its] favor."  *Fontenot v. Upjohn

Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively

establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL

560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## II.      Insurance Law Principles

Louisiana law provides a penalty for an insurer's failure to pay a claim within thirty days

after it has received satisfactory proof of loss if the failure is arbitrary, capricious, or without

probable cause. LA. R.S. § 22:1892(4)(B)(1). It also provides that an insurer owes a duty of good

faith and fair dealing to an insured and provides a penalty for the insurer's failure to pay a claim

within sixty days after receiving satisfactory proof of loss if the failure was arbitrary, capricious,

or without probable cause. §§ 22:1973(A), (B)(6), (C). These two statutes prohibit "virtually

identical" conduct, the primary difference being the time periods allowed for payment. *Reed v.

State Farm Mut. Auto Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003).

To recover statutory penalties, Plaintiffs must establish three elements: "(i) that the

insurer received a satisfactory proof of loss, (ii) that the insurer failed to pay the claim within the

applicable statutory period, and (iii) that the insurer's failure to pay was arbitrary and capricious."

*Grilletta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009) (citing *Boudreaux v. State

Farm Mut. Auto. Ins. Co.*, 896 So.2d 230 (La. Ct. App. 4th Cir. 2005)).

Plaintiffs' home burned down on December 8, 2014. During that time, Plaintiffs had a

---

[2]  I.e., beyond doubt.

homeowner's insurance policy issued by Allstate. If the fire is a covered loss—*i.e.*, if there is no defense to coverage—Allstate owes the Woods the value of the home under the policy: $187, 458, less the amount paid to the mortgage holder. Dep. Wilbur Jordan & Craig Nemecek, 119:5-16 ("Allstate Dep."); doc. #31-6, p. 2 (the "Policy"). Furthermore, if the claim is covered, Allstate will pay up to $131,221 for contents lost. Allstate Dep., 119:24-25, 120:1-6; Policy, at 2. To date, Allstate has not paid the insured value of the home, and it has paid the Woods a total of $5,000 for contents lost in the fire. Jordan Aff., doc. #31-7, ¶ 2.

The Woods allege that Allstate has acted with bad faith and without probable cause in failing to pay the insured value of the home and more than $5,000 for contents lost. In essence, the Woods aver that Allstate has no need for further investigation because the Woods have given recorded statements, been deposed, submitted to one examination under oath, and provided a lengthy list of contents lost, in addition to the independent investigation that Allstate has conducted. Allstate, on the other hand, argues that its investigation is ongoing and incomplete. Specifically, Allstate submits that it is not acting arbitrarily or capriciously because Plaintiffs have been uncooperative in the claim investigation, and because Plaintiffs' contents list contained significant errors, warranting further investigation.

### 1. Satisfactory Proof of Loss

Allstate's policy requires that proof of loss be submitted within 60 days after the loss. Policy, at 16. On May 8, 2015, the Woods provided Allstate a complete[3] proof of loss identifying

---

[3] According to Allstate representative Wilbur Jordan, Plaintiffs submitted a "partial content list" on January 7, 2015 (well within the 60-day period). Aff. Jordan, ¶ 10. Additions were made to this list on January 8 and 11, 2015. *Id.* On January 28, 2015, Plaintiffs submitted another "incomplete" proof of loss. *Id.* ¶ 12. Both parties agree that the Plaintiffs submitted their *complete* sworn proof of loss on May 8, 2015 (91 days late). Def.'s Statement of Material Facts, ¶ 2; Pl.'s Response to Allstate's List of Undisputed Facts, ¶ 2.

approximately 480 items of property that were destroyed by the fire totaling in excess of $100,000. [doc. #34-6]. This means that, *if the proof of loss was satisfactory*, the 30-day and 60-day penalty periods began to run on May 8, 2015. However, without naming specifics, Allstate's motion for partial summary judgment asserts that the May 2015 list "raised additional questions," prompting Allstate to request a supplemental examination under oath. [doc. #31-1, p. 7].

As of May 8, 2015, the Woods had given Allstate unsworn recorded statements and submitted to an examination under oath. While Plaintiffs have never submitted to a second examination under oath as requested by Allstate, Plaintiffs were formally deposed on November 14, 2016. Again, Allstate submits that during Plaintiffs' depositions "it was learned that the contents list submitted . . . on May 8, 2015, contained significant errors." *Id.* at 8. As such, Allstate contends that the investigation is *still* ongoing, and that it *still* desires to conduct a supplemental examination under oath. Allstate Dep., 86:15-25, 87:1-6. Allstate asserts that it needs proof of ownership for many expensive items on the contents list, *i.e.*, bills of sale, credit card receipts, and bank records, which Plaintiffs have failed to provide. *Id.* at 90:14-25, 91:1-11.

With regard to what constitutes "satisfactory" proof of loss, the Louisiana Supreme Court has stated,

> [I]t is well settled that a satisfactory proof of loss is only that which is sufficient to fully apprise the insurer of the insured's claim. In addition, with regard to the form of a proof of loss, this court has stated that proof of loss is a flexible requirement to advise an insurer of the facts of the claim, and that it need not be any formal style. As long as the insurer receives sufficient information to act on the claim, the manner in which it obtains the information is immaterial.

*La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1119 (La. 2008) (internal citations and quotations omitted). Satisfactory proof of loss must include "the extent of damages." *Korbel v. Lexington Ins. Co.*, 308 Fed. App'x 800, 803 (5th Cir. 2009). Moreover, proof of loss may be

oral or written, and it need only advise an insurer of the facts of the claim. *Id.* "Whether, and when, satisfactory proof of loss was received is a question of fact." *Id.*

The Court finds that there is a genuine issue of material fact as to *when* and *whether* the Woods have fully apprised Allstate of their claim, triggering the statutory penalties period.

Allstate's assertion that the contents list contains "significant errors" appears to be an exaggeration. Allstate's main contention is that Plaintiffs have not provided proof of ownership for many expensive items on the list. Allstate Dep., 90:14-25, 91:1-11. The Woods, on the other hand, argue that the list does not contain significant errors and that Allstate's need to continue investigating is disingenuous. Specifically, the Woods point to the fact that Mr. Wood is a highly skilled manual laborer and that over the course of his lifetime, he has "acquired and restored a number of valuable items including valuable antiques." [doc. #34, p. 8]. These items do not have receipts or bank records for which to account.

During his deposition, defense counsel asked Mr. Wood about many specific items on the contents list. Mr. Wood testified that he accumulated hundreds of expensive tools, antiques, and other items from friends, his old business, antique shops, and multiple stores around Arkansas and Louisiana. Todd Wood Dep., pp. 93-153. Mr. Wood usually purchased items with cash because he did not have a debit or credit card, making it more difficult to provide proof of purchase. *Id.* at 103:19-25, 104:1, 21-25, 105:1-2, 12-17; 106:2-12; 107:9-23; 110:21-25; 113:1-8; 117:1-5; 124:1-8. Mr. Wood's deposition testimony reveals that the May 2015 contents list contained some errors regarding the *age* of some items; however, Mr. Wood was able to describe in detail from who or where he received almost every item and how he paid for it.

The Court recognizes that Allstate has a duty to investigate its claims, but even assuming for purposes of this motion only that the Woods did not "fully apprise" Allstate of their contents

7

claim on May 8, 2015, when they submitted their complete proof of loss, there is an issue of material fact regarding whether the Woods fully apprised Allstate of their claim as of November 14, 2016, when the Woods were deposed.[4] Mr. Wood's testimony made it evident that he and his wife would likely not be able to provide proof of ownership for many items on the list because they were purchased with cash or because he restored an antique item to greater value. At that point, Allstate likely received *sufficient information to act* on the claim. "Were it otherwise, an insurer could safely take no action on a clearly meritorious claim despite having gathered through inspection all the information necessary to calculate the amount of damages and make a payment." *Korbel*, 308 Fed. App'x at 804; *Cf. La. Bag. Co.*, 999 So.2d at 1119-20 ("[A]n insurer's requirement that it receive its form of proof of loss before payment is insufficient to create probable cause to delay payment. To allow an insurer to do so would frustrate the intent and purpose" of the penalty statutes, "as it would allow the insurer to be solely in control of when proof of loss is received.").

In all, Plaintiffs (1) provided unsworn statements in December 2014 and January 2015; (2) submitted to an examination under oath in April 2015; (3) submitted a lengthy contents list in May 2015; and (4) appeared for depositions in November 2016. Allstate also hired multiple investigators to conduct thorough investigations of the fire scene itself and the circumstances surrounding the fire and the contents claim. As discussed more fully below, it is undisputed that Allstate received its final reports on those investigations by January 2015. Allstate Dep., 49:21-25; 64:13-25, 65:1-25. These facts are sufficient to raise a question as to whether and when the Woods fully apprised Allstate of their claim for the stated value of the home, *see Korbel*, 308

---

[4] If Plaintiffs fully apprised Allstate of their claim by November 14, 2016, the 30-day period lapsed on December 14, 2016 and the 60-day period lapsed on January 13, 2017.

Fed. App'x at 804-05 (summary judgment denied where, "at a minimum," the evidence suggested that the insurer had enough information after adjuster's inspection of the property); *Mamou Farm Servs., Inc. v. Hudson Ins. Co.*, 488 So.2d 259, 264-65 (La. Ct. App. 3d Cir. 1986) (where building was total loss, insurer had satisfactory proof of loss as of the date it inspected the building), as well as their contents lost. *See Paul v. Nat. Am. Ins. Co.*, 361 So.2d 1281, 1284 (La. Ct. App. 1st Cir. 1978) (insurer was "fully apprised of the claim through [its adjuster's] personal investigation of the premises and the list of contents furnished by Insured").

### 2. Whether Allstate's Actions Have Been Arbitrary and Capricious

Statutory penalties are "inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed*, 857 So.2d at 1021. In other words, when there is a "reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist." *Id.* Arbitrary, capricious, or without probable cause is synonymous with "vexatious," meaning unjustified, without reasonable or probable cause or excuse. *Id.* "Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action . . . ." *Id.*

"[W]here a reasonable disagreement between the insured and the insurer as to the amount of loss exists, the insurer's refusal to pay is not arbitrary, capricious, or without probable cause, and failure to pay within the statutory delay does not subject the insurer to penalties." *Maloney Cinque, L.L.C. v. Pacific Ins. Co., Ltd.*, 89 So.3d 12, 14 (La. Ct. App. 4th Cir. 2012). However,

> if part of a claim for property damage is not disputed, the failure of the insurer to pay the undisputed portion of the claim within the statutory delay will subject the insurer to penalties on the entire claim. Consequently, when such a dispute arises, to avoid imposition of penalties the insurer must unconditionally tender to the insured the undisputed portion of the insured's claim.

*Id.* (internal citations omitted).

Allstate stresses that it has a duty to conduct a thorough investigation, and that the errors in Plaintiffs' contents list, as well as their failure to cooperate, have provided probable cause to delay payment.

Whether Allstate has a good faith basis for denying payment with regard to the stated value of the home is separate from whether Allstate has a good faith basis for failing to pay more than $5,000 for contents lost. *See Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 300 (5th Cir. 2009). Thus, the Court will address each basis in turn.

### A. Failure to Pay the Stated Value of the Home

If the damage to the Woods' home is covered by the insurance policy, Allstate must pay the Woods $187, 458 less the amount paid to the mortgage holder. Allstate Dep., 119:5-16 ("Allstate Dep."); Policy at 2. Allstate has paid the mortgage holder $75,000 in satisfaction of the Woods' mortgage, but it has not paid the remaining $112,458 that would be due if the loss is covered.

Allstate's motion for partial summary judgment does not provide a reason for failing to pay the stated value of the home. The Court gleans from Allstate's deposition testimony that, at one point, it had suspicions that Mr. Wood committed arson. Apparently, in the beginning of the investigation, an anonymous caller told the sheriff of a nearby county that Mr. Wood burned his own house down. But this claim was never substantiated. Shortly after the incident, the state fire marshal concluded that the cause of the fire was undetermined. Allstate Dep., 107:20-25, 108:1-5. Allstate's fire scene investigator, Mr. Telano, also concluded that the fire's cause was undetermined and submitted his report on December 22, 2014. *Id.* at 49:21-25. Allstate also hired a private investigator, Ms. Childs, to conduct a comprehensive field investigation. Aff. Jordan, ¶

10

5. Ms. Childs submitted her final report on January 3, 2015, and she was unable to discover the name of the anonymous caller. Allstate Dep., 64:13-25, 65:1-25.

Strangely, one reason Allstate provided for failing to pay the stated value of the home is that Mr. Wood "may come in [to a second examination under oath] and say yeah, I did burn it because I was in an argument with my wife." *Id.* at 109:16-21.  Plaintiffs' counsel clarified, "What you're saying is, cause and origin is going to come back if the insureds in the deposition implicate themselves?" and Allstate responded, "Exactly." *Id.* at 110:4-7. In other words, it appears that Allstate is unable to prove that Mr. Wood committed arson, so Allstate is holding out to see if Mr. Wood will admit to committing arson at a later examination under oath.

Allstate testified that it does not have "any evidence" that the Woods are attempting to commit fraud, and that it is not currently pursuing a "cause and origin of the fire" as a defense to coverage. *Id.* at 99:14-20; 101:4-11; 108:25, 109:1-4. Moreover, Mr. Wood vehemently denies that he committed arson. Aff. Todd Wood & Jennifer Wood, doc. #34-2. Mrs. Wood also testified that she has no indication or reason to believe that Mr. Wood was involved in the fire. Dep. Jennifer Wood, 34:16-25. Delaying payment for two years when there is no evidence to support arson—or any other viable defense—suggests that Allstate is acting in bad faith. *See McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1090 (La. 1985) (bad faith where insurer was relying on "fruitless" defenses to delay payment); *Dickerson*, 556 F.3d at 299 (sufficient evidence to find bad faith where insurer received final inspection reports, yet delayed payments for four months).

Accordingly, questions of material fact preclude summary judgment regarding whether Allstate has a good faith basis for failing to pay the stated value of the home.

*B. Failure to Pay More Than $5,000 for Lost Contents*

As described above, Allstate argues that it is not acting arbitrarily or capriciously with regard to Plaintiffs' contents claim because the May 2015 contents list contained significant errors, warranting further investigation. [doc. #31-1, p. 9]. Allstate seeks to examine the Woods under oath for a second time with hopes of also collecting proof of ownership for many expensive items on the contents list. Allstate Dep., 90:14-25, 91:1-11.

While an insurer need not tender payment for amounts that are reasonably in dispute, the Louisiana Supreme Court has explicitly found that "'there can be *no good reason*'—or no probable cause—for withholding an undisputed amount." *La. Bag Co.*, 999 So.2d at 1114 (citing *Hammett v. Fire Ass'n of Philadelphia*, 160 So. 302, 304-05 (La. 1935)). "Where there is a substantial, reasonable and legitimate dispute as to the extent or amount of the loss, the insurer can avoid the imposition of penalties *only* by unconditionally tendering the undisputed portion of the claim." *Id.* at 1114-1115 (emphasis in original). An insurer cannot "stonewall" an insured "simply because the insured is unable to prove the exact extent of his damages." *Id.* (citing *McDill*, 475 So.2d at 1091). "Where the exact extent of the damages is unclear, an insurer must tender the reasonable amount which is due." *Id.* "We have defined the 'amount that is due' as 'a figure over which reasonable minds could not differ.'" *Id.* (citing *McDill*, 475 So.2d at 1092)).

In *Burgess v. Allstate Insurance Co.*, the district court denied partial summary judgment on the issue of penalties despite Allstate's claims that it paid all the undisputed amounts of plaintiff's loss and that there was a reasonable dispute as to the remaining portion. *Burgess v. Allstate Insurance Co.,* No. 07-248-JJB, 2008 WL 5121962, *3 (M.D. La. Dec. 5, 2008). It was enough to preclude summary judgment that Allstate "sporadically" paid damages "through three separate checks using absurdly low estimates" "over an extended period of time" while simultaneously ignoring expert reports and actual amounts which plaintiff paid for repairs to her

12

home. *Id.*

So too here, Allstate's actions preclude summary judgment with regard to the contents claim. The Woods submitted a list of 480 items totaling in excess of $100,000. Allstate has only tendered two payments of $2,500 to the Woods for contents lost since their home burned down over two years ago. $5,000 appears to be a low estimate, considering the Woods lost their entire home in the fire, including all kitchen appliances and bedroom and living room furniture. Moreover, the $5,000 payment was not made to cover any specific contents. The $5,000 payment was made "in good faith and to prevent undue hardship," as part of an advance payment agreement. [doc. #31-4]. Therefore, the Court has no way of telling which portions of the contents list are undisputed and disputed. Furthermore, Allstate has apparently ignored the fact that Plaintiffs have provided receipts totaling in excess of $5,000 for replacement items for their home—such as a dishwasher, stove, refrigerator, water heater, oven, bed frame, mattress, and other necessary items. [doc. #34-4]. Unlike in *Burgess*, Allstate does not even contend that it has paid all undisputed portions of the contents' claim; Allstate simply cites general "errors" in Plaintiffs' list as a basis for failing to pay more than $5,000. While Allstate argues that the value of the contents is inconsistent with the plaintiffs' income, giving rise to a question of fraud, Mr. Wood has given a reasonable explanation for his ability to accumulate the items in question, and Allstate has provided no evidence to contradict his testimony. Accordingly, the Court finds that a question of material fact precludes summary judgment regarding whether Allstate has tendered a reasonable amount to the Woods for undisputed portions of the contents list.

**III.     Motion to Strike**

Plaintiffs moved to strike all or part of Wilbur Jordan's affidavit, [doc. #31-7], attached in support of Allstate's motion for partial summary judgment. [doc. #35]. Because the Court

13

denied Allstate's motion for partial summary judgment, Plaintiffs' motion to strike is DENIED as MOOT.

### Conclusion

For the above-stated reasons,

Defendant's Motion for Partial Summary Judgment, [doc. # 31], is **DENIED**, and Plaintiffs' Motion to Strike, [doc. # 35], **DENIED as MOOT**.

In Chambers, Monroe, Louisiana, this 18th day of January, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

14